UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEARY O'NEAL BECK,

    Petitioner,

v.

    CASE NO. 2:11-CV-10887
    HONORABLE MARIANNE O. BATTANI
    UNITED STATES DISTRICT JUDGE

JOHN PRELESNIK,

    Respondent.
_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

    Beary O'Neal Beck, ("Petitioner"), presently confined at the Richard A. Handlon Correctional Facility in Ionia, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his sentence for assault with intent to commit murder, M.C.L.A. 750.83; felony firearm, M.C.L.A. 750.227b; felon in possession of a firearm, M.C.L.A. 750.224f; and being a third felony habitual offender, M.C.L.A. 769.11. For the reasons stated below, the application for writ of habeas corpus is **SUMMARILY DENIED.**

### I. Background

    Petitioner pleaded guilty to the above charges in the Genesee County Circuit Court. Petitoiner was sentenced to twenty eight to fifty years

imprisonment on the assault with intent to commit murder conviction, four years, nine months to ten years for the felon in possession of a firearm conviction, and received a consecutive two year sentence on the felony-firearm conviction.

Petitioner's conviction and sentence were affirmed on appeal. *People v. Beck,* No. 260175 (Mich.Ct.App. February 22, 2005); *lv. den.* 474 Mich. 899; 705 N.W. 2d 116 (2005). Petitioner then filed a petition for writ of habeas corpus, which was dismissed without prejudice because petitioner had failed to exhaust his claims with the state courts. *See Beck v. Trombley,* U.S.D.C. No. 06-CV-14350 (E.D. Mich. March 18, 2008).

Petitioner subsequently filed a post-conviction motion for relief from judgment, which was denied by the trial court. *People v. Beck,* No. 03-12141-FC (Genesee County Circuit Court, October 14, 2009). [1] The Michigan appellate courts denied petitioner leave to appeal. *People v. Beck,* No. 295319 (Mich.Ct.App. February 16, 2010); *lv. den.* 488 Mich. 994; 791 N.W. 2d 437 (2010).

Petitioner seeks a writ of habeas corpus on the following grounds:

---

[1] Petitioner has attached a copy of the Genesee County Circuit Court order denying the motion for relief from judgment as Appendix C to his petition. The copy of the opinion that petitioner has attached only contains the year 2009 but does not contain the date and month that the opinion was signed. This Court determined that the post-conviction motion for relief from judgment was denied by the Genesee County Circuit Court on October 14, 2009, by visiting the Genesee County Circuit Court website. *See* www.genesee.mi.us/7th. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is thus permitted to take judicial notice of another court's website. *See e.g. Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003)

> I. Defendant was denied effective assistance of appellate [counsel] when counsel failed to raise claims of the scoring of OV 9 at 10 points. The scoring should have been scored at zero points.
>
> II. Defendant's second claim is similar to the first issue. The scoring of OV 13 should have been scored at zero points and not at 25 points. Neither of these issues can be deemed harmless, they were brought forth to enhance the sentence, not based on actual facts relevant to the conviction. They violate petitioner's Sixth and Fourteenth Amendment [rights].

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs

when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S.Ct. 1855, 1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct.770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

In addition, a petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856

(1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); *See also Hamby-Bey v. Bergh,* No. 2008 WL 3286227, * 1 (E.D. Mich. August 7, 2008); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Allen v. Perini,* 424 F. 2d 134, 141 (6th Cir. 1970)(district court has duty to screen out any habeas corpus petition which lacks merit on its face).

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that petitioner's sentencing claims do not entitle him to habeas relief, such that the petition must be summarily denied. *See McIntosh v. Booker,* 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004). The Court likewise concludes that petitioner's ineffective assistance of counsel claim is meritless, such that the petition must be summarily denied. *See Mathews v. United States,* 11 F. 3d 583, 585 (6th Cir. 1993)(affirming the summary dismissal of an ineffective assistance of counsel claim raised in a § 2255 motion to vacate sentence pursuant to Rule 4, where there was no merit to the claim).

### III. Discussion

The Court will discuss petitioner's two claims together for judicial clarity. Petitioner contends that appellate counsel was ineffective for failing to challenge the scoring of Offense Variables (OV) 9 and 13 of the Michigan Sentencing Guidelines on his direct appeal. Petitioner also appears to be challenging the scoring of his sentencing guidelines as an independent claim.

To the extent that petitioner challenges the scoring of the sentencing guidelines, he would not be entitled to habeas relief. It is well-established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)(quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003); *See also Haskell v. Berghuis,* 695 F. Supp. 2d 574, 598 (E.D. Mich. 2010). "Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *See Mitchell v. Vasbinder,* 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009)(citing *Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485

(E.D. Mich. 2004). Any error by the trial court in calculating his guideline score or in departing above his sentencing guidelines range alone would not merit habeas relief. *Id.*

Petitioner further appears to allege that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors that had not been submitted to a jury and proven beyond a reasonable doubt when scoring his sentencing guidelines.

In *Blakely v. Washington*, 542 U.S. 296 (2004), the U.S. Supreme Court held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301 (citing *Apprendi v. N.J.*, 530 U.S. 466, 490 (2000)).

Petitioner is not entitled to habeas relief on his claim. *Blakely* involved a trial court's departure from Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence within a minimum and maximum sentence. *See People v. Claypool*, 470 Mich. 715, 730, n. 14, 684 N.W.2d 278 (Mich. 2004); *People v. Drohan*, 475 Mich. 140, 160-61, 715 N.W.2d 778 (Mich. 2006)(both citing M.C.L.A. 769.8). "[M]ichigan's sentencing guidelines, unlike the Washington guidelines at issue in *Blakely*, create a range within which the trial court must set a minimum sentence." *Drohan*, 475 Mich. at 161. Under Michigan

law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock*, 469 Mich. 247, 255, n. 7, 666 N.W.2d 231 (Mich. 2003) (citing M.C.L.A. 769.34(2)). Under Michigan law, the trial judge sets the minimum sentence, but can never exceed the maximum sentence. *Claypool*, 470 Mich. at 730. Therefore, Michigan's indeterminate sentencing scheme is unaffected by the U.S. Supreme Court's holding in *Blakely*. *Drohan*, 475 Mich. at 164.

The holding in *Blakely* is inapplicable to petitioner's sentence. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *Blakely*, 542 U.S. at 304-05, 308-09. The Supreme Court clarified this in *Cunningham v. California*, 549 U.S. 270 (2007), when the Supreme Court explained that states may retain determinate sentencing by requiring the jury "to find any fact necessary to the imposition of an elevated sentence" or by allowing judges "to exercise broad discretion . . . within a statutory range, which everyone agrees, encounters no Sixth Amendment shoal." *Id.* at 294. (*quoting United States v. Booker*, 543 U.S. 220, 233 (2005)); *See also Harris v. United States*, 536 U.S. 545, 565 (2002)("[w]hether chosen by the judge or the legislature, the facts guiding judicial discretion below the statutory maximum need not be alleged in the indictment, submitted to the jury, or proved beyond a reasonable doubt" and the judge "may impose the minimum, the maximum, or any other sentence within the range

without seeking further authorization from those [grand and petit] juries-and without contradicting *Apprendi*."), and *Id.* at 569-70 (Breyer, J., concurring)(agreeing that "*Apprendi* does not apply to mandatory minimums.").

The holdings in *Apprendi* and *Blakely* therefore do not apply to a judge's factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum. *See Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009); *See also Montes v. Trombley,* 599 F.3d 490, 495 (6th Cir. 2010)(the *Blakely-Apprendi* rule requiring any fact that increases the penalty for a crime beyond the prescribed statutory maximum to be submitted to a jury and proved beyond a reasonable doubt does not apply to laws that set the maximum sentence by statute but that permit a judge to determine the minimum sentence through judicial factfinding, and does not preclude a judge from utilizing the preponderance-of-the-evidence standard when finding facts related to sentencing). As noted by the Sixth Circuit, "[T]he Sixth Amendment gives a criminal defendant the right to have a jury find any fact that increases the *maximum* sentence the defendant faces, not any fact that increases the *minimum* sentence." *Arias v. Hudson*, 589 F.3d 315, 317 (6th Cir. 2009)(citing *McMillan v. Pennsylvania*, 477 U.S. 79 (1986))(emphasis original). Indeed, "[B]y clarifying that minimum sentences fall outside *Apprendi's* scope, *Harris* forecloses [petitioner's] claim." *Chontos,* 585 F. 3d at 1002. The Sixth Amendment jury trial right merely "ensure[s] that the defendant 'will never get

9

more punishment than he bargained for when he did the crime'"; it does "not promise that he will receive 'anything less' than that." *Id.* (quoting *Harris*, 536 U.S. at 566 (quoting *Apprendi*, 530 U.S. at 498)(Scalia, J., concurring)).

When petitioner violated the assault with intent to murder statute, he bargained that if a jury found him guilty, that he could face up to life in prison. Likewise, when he violated the felon in possession of a firearm statute as a third felony habitual offender, he bargained that he could face up to ten years in prison if he was found guilty by a jury. Therefore, "regardless of the ways that judicial factfinding and Michigan's guidelines affected his minimum sentence," petitioner "got no more than he bargained for." *Chontos,* 585 F.3d 1002. Because Michigan's sentencing laws create an indeterminate-sentencing scheme, it does not violate petitioner's due-process rights or his right to a jury trial. *Montes,* 599 F. 3d at 497. Petitioner is not entitled to habeas relief on any *Blakely* claim. *Id.* [2]

Petitioner further contends that appellate counsel was ineffective for failing to challenge the scoring of OV 9 and OV 13 on his direct appeal.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First,

---

[2] Petitioner did not appear to challenge his sentence for felony-firearm. The sentence for felony-firearm in Michigan is a mandatory two year prison sentence that must be served consecutively to any underlying felony. *See* M.C.L.A. 750.227b. Hence, the crime of felony-firearm is not covered by the Michigan Sentencing Guidelines. *People v. Johnigan,* 265 Mich. App. 463, 472; 696 N.W. 2d 724 (2005).

the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 130 S. Ct. 383, 390-91 (2009). The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F. 3d 602, 617 (6th Cir. 2005).

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on

appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. 527, 536 (1986)(quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F. 3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne,* 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner has failed to show that his appellate counsel was ineffective for failing to raise these two claims on his direct appeal. Petitioner raised his sentencing guidelines and ineffective assistance of appellate counsel claims in his post-conviction motion for relief from judgment. In rejecting these claims, the trial court judge concluded that OV 9 and OV 13 had been properly scored under Michigan law. *People v. Beck,* No. 03-12141-FC, Slip. Op. at * 2-3. Because the guidelines had been correctly scored, the trial judge further determined that

appellate counsel had not been ineffective for failing to challenge these offense variables on direct appeal. *Id.* The Michigan appellate courts subsequently denied petitioner's post-conviction appeal.

As the Eleventh Circuit noted, when the alleged attorney error involves the failure to object to a violation of state law that does not involve the enforcement of federal constitutional rights or interests, there is no Supreme Court case which prevents a federal court sitting in habeas review of a state court conviction from looking "to whether there is a reasonable probability that the do-over proceeding state law provides would reach a different result." *See Hammond v. Hall,* 586 F.3d 1289, 1340 (11th Cir. 2009).

In light of the fact that the petitioner's sentencing guidelines claim was rejected by the trial court judge when he denied petitioner's motion for relief from judgment and by the Michigan appellate courts when they denied petitioner leave to appeal, petitioner cannot show that he was prejudiced by appellate counsel's failure to challenge the scoring of the sentencing guidelines on his direct appeal. *See Myers v. Ludwick*, No. 2009 WL 4581693, * 3 (E.D. Mich. December 3, 2009); *See also Smit v. Connerly,* No. 2009 WL 275679, * 4 (E.D. Mich. February 5, 2009). If "one is left with pure speculation on whether the outcome of ... the penalty phase could have been any different," there has been an insufficient showing of prejudice. *Baze v. Parker*, 371 F. 3d 310, 322 (6th Cir. 2004). Because petitioner has offered no evidence to show that the state trial

court judge would have been inclined to impose a lesser sentence or that the Michigan appellate courts were inclined to reverse his sentence, petitioner is unable to show that he was prejudiced by his counsel's purported ineffectiveness in failing to challenge the scoring of his sentencing guidelines. *See Spencer v. Booker*, 254 Fed. Appx. 520, 525-26 (6th Cir. 2007).

Additionally, petitioner is unable to show that he was prejudiced by appellate counsel's failure to raise his claims on his appeal of right, in light of the fact that these same claims were presented to the Michigan appellate courts on petitioner's post-conviction motion for relief from judgment and rejected by them. *See Hollin v. Sowders*, 710 F. 2d 264, 265-67 (6th Cir. 1983); *See also Bair v. Phillips,* 106 F. Supp. 2d 934, 938, 943 (E.D. Mich. 2000). The state courts' rulings on the petitioner's motion for post-conviction relief granted petitioner an adequate substitute for direct appellate review and therefore his attorney's failure to raise these additional claims on petitioner's appeal of right did not cause him any injury. *Bair,* 106 F. Supp. 2d at 943 (citing *Gardner v. Ponte*, 817 F. 2d 183, 189 (1st Cir. 1987)). There is no point in remanding this case to the state courts to reconsider a case that they have already adversely decided on more than one occasion. *Gardner*, 817 F. 2d at 189. Petitioner is not entitled to habeas relief on his claims.

### IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will

also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002). Indeed, it would be a "rare case" in which a district judge issues a habeas petitioner a certificate of appealability to appeal after he or she dismisses a habeas petition without requiring an answer because it plainly appeared from the face of the petition and any exhibits annexed to it that the petitioner was not entitled to habeas relief. *See e.g. Alexander v. Harris,*

595 F. 2d 87, 91 (2nd Cir. 1979); *See also Myers v. Ludwick*, No. 2009 WL 4581693, Slip. Op. at * 4.

The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **SUMMARILY DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

s/Marianne O. Battani
**HONORABLE MARIANNE O. BATTANI**
**UNITED STATES DISTRICT JUDGE**

**Dated: March 23, 2011**

### CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Opinion and Order was served upon the Petitioner, Beary O'Neal Beck, and Counsel for the Respondent.

**S/Bernadette M. Thebolt**
**Case Manager**
